¶WEIMER, J.,
dissenting from the denial of the writ application.
When this matter was originally set for trial, the State made an oral motion for continuance, which the trial court denied. *515 The State then entered a nolle prosequi of the first bill of information. Subsequently, the State filed a second bill of information for the same offenses. Thereafter, the trial court set the matter for trial. On the day of trial, the State orally moved for a continuance that was denied. The State then entered another nolle prosequi of the second bill of information. Thereafter, the State filed ■ a third bill of information. When this matter was set for trial a third time, the defense filed a motion to quash the third bill based on a violation of the defendant’s right to a speedy trial.
In the trial transcript, the trial judge states that the State never gave a reason for its delay in bringing the defendant to trial. The trial judge indicated “the delays were based on just the negligence of [the prosecutor’s] predecessors in not knowing what was on the docket on any given day and for some reason not being able to put this case in a position to go to trial.” The trial judge also concluded that in his opinion there were lengthy delays in this case.
Not once, but twice, the State entered nolle prosequi after being denied oral motions for continuances on the day of trial. For the reasons assigned in my dissent Lin State v. Love, 2000-3347, (La.5/23/03), 847 So.2d 1198, I would grant this writ for the purpose of further evaluation of the facts and applicable law.